**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

AMERICAN WARRIOR, INC., ET AL.

CIVIL ACTION NO. 22-5769 (LEAD)
CIVIL ACTION NO. 22-5771 (MEMBER)
CIVIL ACTION NO. 22-5772 (MEMBER)
CIVIL ACTION NO. 22-5773 (MEMBER)

VERSUS

JUDGE S. MAURICE HICKS, JR.

FOUNDATION ENERGY FUND IV-A, LP,
ET AL.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a consolidated[1] bankruptcy appeal by Appellants, American Warrior, Inc., Heartland Oil, Inc., and Mid-Continent Resources, Inc. (collectively, "AWI"), from the Bankruptcy Court's October 2022 Stay and Abstention Orders. See Record Document 17. AWI requests that the October 2022 Orders be reversed. See id. Foundation Energy Fund IV-A, LP, Foundation Energy Fund IV-B Holding, LLC, Dolores Jo Matson Trust, Roger Melvin Matson Trust, and Willis J. Magathan (collectively, "the Foundation Parties") filed an Appellee Brief (Record Document 18), as did Black Stone Minerals Company, LP and Entech Enterprises, LLC (collectively, "the Black Stone Parties" and, together with the Foundation Parties, "Appellees") (Record Document 20). For the reasons contained in the instant Memorandum Ruling, the Bankruptcy Court's rulings are **AFFIRMED**.

**I.     BACKGROUND**

This proceeding arises out of a Chapter 7 bankruptcy case originally filed on December 31, 1990 by Patrick and Patricia McConathy (collectively, "the Debtor"). See

---

[1] See Record Document 12 (Order granting Motion to Consolidate Cases).

Record Document 17 at 2. The case was closed in 1994 but was subsequently reopened several times over the years. See id. The most recent reopening of the bankruptcy case occurred pursuant to a motion filed by AWI on January 20, 2021. See id. at 5.

AWI filed its motion to reopen the bankruptcy case after the discovery of previously undisclosed property of the bankruptcy estate. See id. In 2019, a group of plaintiffs filed a lawsuit in a Kansas state court against AWI and others to determine the ownership of certain interests and rights in land ("the Kansas Litigation"). See id. at 4. In sworn discovery in the Kansas Litigation, the Debtor revealed that he acquired an ownership interest in certain Kansas mineral rights before the original bankruptcy petition date, yet these rights were not accounted for in the Chapter 7 case. See id. Thus, AWI filed its motion to reopen the bankruptcy case so as to properly administer the newly discovered assets of the bankruptcy estate. See id. at 5. The Bankruptcy Court granted the motion on January 24, 2021, stating "[p]ursuant to 11 U.S.C. § 362, the automatic stay is hereby in effect and all actions involving property of the bankruptcy estate are hereby stayed." Record Document 18 at 4 (quoting Record Document 3-3 at 43).

Importantly, the Debtor is not the only plaintiff in the Kansas Litigation. Various plaintiffs sued AWI and others to determine the validity of an earlier partition action; included in the Kansas Litigation are also separate third-party claims between AWI and the Appellees here. See Record Document 20 at 3. Thus, on May 13, 2021, several third parties filed a Motion to Lift Stay in the Bankruptcy Court so they could proceed with their adjudication of the Kansas Litigation. See id. at 4. The Bankruptcy Court denied this motion, finding that "further adjudication of the Kansas Litigation would violate the

automatic stay under 362(a)(3) because, given the claims in the Petition, the state court's adjudication of non-estate claims could potentially impact the claims of the estate." Id.

On April 6, 2022, the Chapter 7 Trustee filed an adversary proceeding against all parties to the Kansas Litigation, seeking "a determination of the nature and fractional ownership of the Kansas Mineral Lease Rights at issue in the Kansas Litigation." See Record Document 18 at 5. This proceeding resulted in a Compromise Motion by the Trustee, explaining that they had reached an agreement with AWI to release the Debtor's claims relating to the Kansas property. See Record Document 20 at 5–6.

Around the same time, the Bankruptcy Court considered a Motion to Annul Stay filed by the Foundation Parties. See Record Document 18 at 6. The Bankruptcy Court rejected the request to annul the stay, leaving the stay in place but finding that their request may be moot because "AWI failed to adequately plead a violation of the stay by the non-debtor co-plaintiffs" in the first instance. See id. at 7 (quoting Record Document 3-10 at 626). Notably, no party appealed this order.

Relatedly, in May of 2022, AWI filed an Amended and Restated Motion and Incorporated Memorandum for Determination that the Kansas Litigation is Void Ab Initio, For Civil Contempt, For Sanctions, and All Other Appropriate Relief ("the Contempt Motion"). See Record Document 20 at 4–5. In essence, AWI sought an order from the Bankruptcy Court that the entire Kansas Litigation was *void ab initio*. See id. at 5. In May of 2022, the Bankruptcy Court granted in part and denied in part the Contempt Motion ("the May 2022 Ruling"). See Record Document 18 at 6. First, the Bankruptcy Court held that all claims asserted by the Debtor in the Kansas Litigation were "invalid and without effect." See id. (quoting Record Document 3-10 at 630, 634). Second, the Bankruptcy

Court denied the requested relief as to the non-debtors, finding that "AWI did not adequately allege a violation of the stay by the non-debtors." Id. Further, and important to this appeal, the Bankruptcy Court rejected AWI's argument that "all claims asserted in the Kansas lawsuit are invalid"; in other words, the Bankruptcy Court did not make a finding that the entire Kansas Litigation was *void ab initio*. See id.

Subsequent to the May 2022 Ruling, the Bankruptcy Court heard argument on the Compromise Motion on July 13, 2022. See Record Document 20 at 6. The Bankruptcy Court granted the Compromise Motion, and later approved the settlement of the estate's claims on July 15, 2022. See id. at 7.

Thereafter, the Bankruptcy Court asked the non-debtor parties to file an Abstention Motion in the adversary proceeding and/or a motion to determine whether the automatic stay had been terminated. See Record Document 18 at 8. The Appellees each filed Abstention and Stay Determination Motions, asserting essentially the same arguments. See id.; Record Document 20 at 7. As the Foundation Parties put it, "[t]he Stay Determination Motion sought confirmation pursuant to Bankruptcy Code section 362(j) that the automatic stay had terminated due to the estate's transfer and relinquishment of its interest in the Kansas Mineral Lease Rights, so that the non-debtors could pursue claims and defenses in the Kansas Litigation." Id. at 8. As for the Abstention Motion, "the Foundation Parties sought mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), and permissive abstention under 28 U.S.C. § 1334(c)(1)." Id.

Before the hearing on the above motions, the Bankruptcy Court issued its order regarding the partially granted Contempt Motion ("the August 2022 Ruling"). See id. In the August 2022 Ruling, the Bankruptcy Court "reiterated its May 2022 ruling and refused

to award sanctions based upon behavior that did not violate the stay," as it relates to the non-debtors. See id.

On October 5, 2022, the Bankruptcy Court held a hearing on the Abstention and Stay Determination Motions. See id. At the hearing, the Bankruptcy Court stated that "it would not entertain arguments that the entire Kansas Litigation was void because it had already ruled in several unappealed orders that the actions involving the non-debtor parties—even those brought by shared counsel for [the Debtor]—did not violate the stay." Id. at 8–9.

In October of 2022, the Bankruptcy Court issued its Orders on both the Abstention and the Stay Determination Motions; these Orders form the basis of AWI's appeal. See Record Document 17 at 11. In its ruling on the Stay Determination Motion, the Bankruptcy Court held that the Kansas Litigation is still valid and that the stay is no longer in effect, leaving the non-debtors free to pursue their claims. See id. at 10. In its ruling on the Abstention Motion, the Bankruptcy Court denied mandatory abstention but granted permissive abstention in favor of the Kansas Litigation. See id. AWI timely appealed the October 2022 Stay and Abstention Orders. See id. at 11.

## II.   LAW AND ANALYSIS

### A.   Jurisdiction and Standard of Review

This Court has jurisdiction over AWI's appeal from the Bankruptcy Court's Orders pursuant to 28 U.S.C. § 158(a). In reviewing a decision of the bankruptcy court, this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. See Matter of Webb, 954 F.2d 1102, 1103–04 (5th Cir. 1992). Conclusions of law are reviewed de novo. See Matter of Herby's Foods, Inc., 2 F.3d 128,

131 (5th Cir. 1993). Findings of fact are not to be set aside unless clearly erroneous. See id. at 130–31. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 209 (5th Cir. 1983). Thus, appellate courts will sustain a bankruptcy court's factual findings "absent a firm and definite conviction that the bankruptcy court made a mistake." In re Ragos, 700 F.3d 220, 222 (5th Cir. 2012) (citation omitted).

### B.    The Parties' Arguments

In its appeal, AWI contends that the Bankruptcy Court erred in granting the Abstention and the Stay Determination Motions by "failing to recognize that the Kansas Litigation, including Appellees' claims in the Kansas Litigation, is permanently invalid and without any effect based on the legal effect of the Bankruptcy Court's prior, final non-appealable orders and rulings." Record Document 17 at 12–13. AWI argues that, under Fifth Circuit precedent, "actions, including lawsuits, that are described in one of the subparts of 11 U.S.C. § 362 that occur while the stay is in effect are invalid." Id. at 51. Because the Bankruptcy Court denied the non-debtors' motions to annul the stay, any action in violation of the stay—which, according to AWI, includes the initial filing of the Kansas Litigation—"becomes permanently invalid and without any effect by operation of law." See id. AWI argues that the only way to retroactively approve the filing of the Kansas Litigation was an annulment, and thus, the Bankruptcy Court's refusal to annul the stay is *res judicata* as to any further argument that the Kansas Litigation was or is valid. See id. As a result, under AWI's interpretation of the Bankruptcy Court's early rulings, the non-debtors may not proceed with their claims in the Kansas Litigation. See id.

6

In response, the Appellees argue that AWI's argument is "based solely on the flawed premise that the non-debtor parties violated the automatic stay by filing the Kansas Litigation." See Record Document 18 at 11. According to the Foundation Parties, "[t]he Bankruptcy Court has repeatedly rejected this premise, both in open court and in written decisions which were never appealed." Id. Thus, the appellees assert that the *res judicata* effect here actually pertains to the Bankruptcy Court's multiple holdings that the non-debtor parties did not violate the automatic stay. See id. The Black Stone Parties also argue that "the manner AWI, an unrelated non-debtor/non-creditor, is seeking to invoke the automatic stay to block the bankruptcy court's abstention order and require the continuation in this Court of an adversary that no longer includes any property of the estate is inconsistent with the intent and purpose of the stay." Record Document 20 at 23. Thus, the Appellees urge the Court to affirm the Bankruptcy Court's Orders and allow the Kansas Litigation to proceed.

In its reply brief, AWI argues that the automatic stay was in effect when the Kansas Litigation was filed, thus making the litigation invalid from its inception. See Record Document 21 at 2. AWI asserts that no action taken by the Bankruptcy Court after-the-fact could cure this invalidity, except for an annulment of the stay. See id. Because the Bankruptcy Court declined to annul the stay in the May 2022 Ruling, the Kansas Litigation was rendered permanently invalid, according to AWI. See id.

### C.    Analysis

The core issue to be determined in resolving this appeal is whether the non-debtor parties violated the automatic stay by filing the Kansas Litigation. If the non-debtor parties did not violate the stay, then AWI's argument fails from the start, because there would

then be no legal basis to find that the entire Kansas Litigation was *void ab initio*. Because this Court agrees with Appellees and finds that the initial filing of the Kansas Litigation by the non-debtor parties was not a violation of the stay, the Bankruptcy Court's Orders must be affirmed.

First, the Court agrees with the Appellees that the specific language in the Bankruptcy Court's order reopening the bankruptcy case tends to contradict AWI's argument. In that order, the Bankruptcy Court used the word "hereby" repeatedly to describe the stay coming into effect. <u>See</u> Record Document 20 at 12 (citing Record Document 3-3, p. 40). The use of "hereby" implies that the stay was not put into effect until the Bankruptcy Court made the determination that property of the estate may be affected by the continuation of the Kansas Litigation and issued its order. <u>See</u> Record Document 18 at 18 (citing "Hereby," Merriam Webster's Dictionary).

Additionally, the Bankruptcy Court's October 6, 2022 Order explains that the automatic stay was meant to apply to the Kansas Litigation in two ways: (1) to prevent the Debtor "from asserting any causes of action"; and (2) to prevent "the *adjudication* of the non-debtor claims by the state court as they were hopelessly intertwined with the estate's claims." <u>See</u> Record Document 20 at 13 (quoting Record Document 3-18 at 12) (emphasis in original). The Bankruptcy Court thus imposed the stay to prevent an adverse effect on the property of the estate, which was "hopelessly intertwined" with third-party claims in the Kansas Litigation. Thus, this Court is not convinced the act of filing itself was a violation of the automatic stay under the Bankruptcy Court's orders; rather, any additional act taken in the Kansas Litigation would constitute a violation.

Further, the Bankruptcy Court made clear many times that the non-debtors were not acting in violation of the stay. In fact, the Bankruptcy Court refused to issue sanctions against the non-debtors because "AWI did not adequately allege a violation of the stay by the non-debtors." See Record Document 18 at 6. This makes sense, because it was not until discovery commenced in the Kansas Litigation that any non-debtor party was put on notice that the Debtor may have excluded his Kansas property interests from a previous bankruptcy case. Considering these circumstances, together with the clear language of the Bankruptcy Court's orders, the Court finds that the Bankruptcy Court did not commit clear error by holding that the non-debtor parties did not violate the stay by filing their claims in the Kansas Litigation.

However, even if the initial act of filing the Kansas Litigation was a violation of the stay, the Court finds that there is no basis to rule that the entire litigation is *void ab initio*, permanently preventing the non-debtors from proceeding with their claims. The Bankruptcy Court emphasized several times that it had not held that the Kansas Litigation was *void ab initio* in any of its rulings or orders. Rather, the Bankruptcy Court made sure to distinguish between the claims of the Debtor, which were invalid, and the claims of the non-debtors, which were merely put on pause while the property of the estate was properly managed. See, for e.g., Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis."). And to the extent any of the Bankruptcy Court's later orders contradict an earlier order stating otherwise, the later decision controls. See Weaver v. Tex. Capital Bank N.A., 660 F.3d 900, 906 n.5 (5th- Cir. 2011) (citing Reimer v. Smith, 663 F.2d 1316, 1327 (5th Cir. 1981) (where "there are two prior inconsistent

9

judgments, only the last judgment has estoppel effect"); see also Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997) ("When a court is faced with inconsistent judgments, it should give *res judicata* effect to the *last* previous judgment entered.") (internal quotation omitted) (emphasis in original).

Further, as the Appellees point out, AWI never appealed the denial of its Contempt Motion or the Bankruptcy Court's many other findings that the Kansas Litigation was not *void ab initio*. See Record Document 18 at 17. These rulings are final and non-appealable, and they become *res judicata* to AWI's repeated argument that the Kansas Litigation is invalid from inception. See Travelers Indem. Co. v. Bailey, 557 U.S. 137, 152 (2009) (holding that once a bankruptcy court's orders "become final on direct review," they become *res judicata* to the same parties and same issues).

The Court is also not persuaded by the case law cited by AWI for the proposition that only an official annulment can validate actions taken in violation of the automatic stay. As the Black Stone Parties point out, In re Cueva, 371 F.3d 232 (5th Cir. 2004), In re Pierce, 272 B.R. 198 (Bankr. S.D. Tex. 2001), In re Chesnut, 422 F.3d 298 (5th Cir. 2005), and In re Jones, 63 F.3d 411 (5th Cir. 1995), "all concern foreclosures [sic] actions— some of which involved property seized and sold while the bankruptcy was pending." Record Document 20 at 15. The present case is clearly factually distinguishable: "Unlike the cases cited by AWI, no order regarding any ownership was rendered in the Kansas Litigation prior to the application of the Stay pursuant to the order in March of 2021," and "[n]o property of the debtor was seized by anyone other than AWI's seizure in 2015." Id. The cases cited by AWI also focus primarily on the distinction between the terms "void" and "voidable," a distinction that does not factor into the Court's analysis here because

10

"the Bankruptcy Court expressly declined to hold the non-debtors in violation of the stay." Record Document 18 at 15. There is simply no need for this Court to parse out the various meanings of the word "void" where the Bankruptcy Court has already found that the non-debtors' actions were not void and where this Court finds no clear error in such a finding.

Further, the Court is concerned with the practical effect should AWI succeed on its arguments here. As the Black Stone Parties aptly stated, "the manner AWI, an unrelated non-debtor/non-creditor, is seeking to invoke the automatic stay to block the bankruptcy court's abstention order and require the continuation in this Court of an adversary that no longer includes any property of the estate is inconsistent with the intent and purpose of the stay." Record Document 20 at 23. This Court agrees—the bankruptcy case, the debtor, and the property of the estate would not be affected by the continuation of the Kansas Litigation at this point in time. After the Bankruptcy Court adopted the Compromise Motion, there was no longer any reason to stay the Kansas Litigation for the benefit of the bankruptcy estate. Thus, it would not now be appropriate to prevent the third-party non-debtors from ever pursuing their claims, simply because at one time, a previous debtor in bankruptcy was involved in the litigation. This would run contrary to the actual purpose of the automatic stay and would not further any legitimate purpose of the Bankruptcy Code. See In re HSM Kennewick, L.P., 347 B.R. 569, 572 (Bankr. N.D. Tex. 2006) (holding that the "automatic stay provisions of section 362(a) may not be construed more expansively than is necessary to effectuate legislative purpose") (citations omitted). As the Bankruptcy Court itself declared, "Why would I exercise jurisdiction over an adversary in this court which does not involve the debtor, the trustee, or any property of

the estate[?]" Record Document 20 at 24 (quoting Record Document 5, p. 120, lines 19–21).

Thus, this Court concurs with the Bankruptcy Court that the Kansas Litigation is not *void ab initio* as to the non-debtor parties and finds that the October 2022 Stay and Abstention Orders were properly decided.

## III.   CONCLUSION

Based on the foregoing analysis,

**IT IS ORDERED** that the Bankruptcy Court's October 2022 Stay and Abstention Orders are hereby **AFFIRMED**.

A judgment consistent with the terms of this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of July, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT